AO 241 (Rev. 5/85)

**E-Filing**

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**FILED**

**United States District Court**   District NORTHERN DISTRICT

| Name VINCENT SMITH | Prisoner No. C-99842 | Case No. |

JUL 1 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Place of Confinement
CHUCKAWALLA VALLEY STATE PRISON, P.O.
A1-150-L  BLYTHE, CA 92226

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |

VINCENT SMITH ,       v. JOHN SALAZAR, WARDEN (A)

The Attorney General of the State of: CALIFORNIA

**C 07       3698**
**CW**
**(PR)**

## PETITION

1. Name and location of court which entered the judgment of conviction under attack SUPERIOR COURT
COUNTY OF LAKE, LAKEPORT, CALIFORNIA

2. Date of judgment of conviction PLEA: JANUARY 2, 1985; SENTENING: JAN. 28, 1985

3. Length of sentence 15 YEARS TO LIFE PLUS 2 YEAR ENHANCEMENT

4. Nature of offense involved (all counts) CAL. PENAL CODE SECTION 187 - MURDER,
2ND DEGREE; CAL. PENAL CODE SECTION 12022.5 - PERSONAL
USE OF FIREARM; CAL. PENAL CODE SECTION 1203.06(a)(1)
NO PROBATION    CASE NO: CR-1757

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one) N/A
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial? N/A
   Yes ☐  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☒

(2)

ORIGINAL

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court    *N/A*

(b) Result

(c) Date of result and citation, if known

(d) Grounds raised

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court    *N/A*

   (2) Result

   (3) Date of result and citation, if known

   (4) Grounds raised

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court    *N/A*

   (2) Result

   (3) Date of result and citation, if known

   (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:
(a) (1) Name of court    *LAKE COUNTY SUPERIOR COURT*

   (2) Nature of proceeding    *HABEAS CORPUS*

   (3) Grounds raised    *ALL GROUNDS CONTAINED IN THIS INSTANT PETITION*

(3)

AO 241 (Rev. 5/85)

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐  No ☒

(5) Result   SUMMARILY DENIED - SEE ATTACHED

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court   FIRST DISTRICT COURT OF APPEALS, CALIF.

(2) Nature of proceeding   HABEAS PETITION

(3) Grounds raised   ALL GROUNDS CONTAINED IN
    THIS INSTANT PETITION

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐  No ☒

(5) Result   SUMMARILY DENIED - SEE ATTACHED

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.   Yes ☒  No ☐   NEW PETITION IN CALIFORNIA
(2) Second petition,   Yes ☒  No ☐   SUPREME COURT, SUMMARILY DENIED
                                      SEE ATTACHED.

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: THE CALIFORNIA BOARD OF PAROLES VIOLATED DUE PROCESS BY DENYING PETITIONER PAROLE ARBITRARILY; AND BY IT'S REPEATED USE OF THE CRIME AS THE MAIN FACTOR FOR DENIAL.

Supporting FACTS (state *briefly* without citing cases or law): THE "BOARD", IN DENYING PAROLE FOR THE FIFTH TIME AFTER 19 YEARS, RELIED ON THE CRIME AND ONE JUVENILE ADJUDICATION AS MAIN FACTORS TO DENY PAROLE AND MAKE A FINDING PETITIONER WAS A THREAT TO SOCIETY IGNORING THE FACT PETITIONER HAS NO RECORD OF VIOLENCE SINCE HIS IMPRISONMENT; AND CONTRARY TO THE BOARD'S OWN APPOINTED PSYCHIATRIC EVALUATIONS, AND ALL OTHER FINDINGS LACK ANY SUPPORT IN THE RECORD WHATSOEVER.

B. Ground two: CALIFORNIA CODE OF REGULATIONS TITLE 15 SECTIONS 2402 (c)(1)(A) THROUGH (E) IS UNCONSTITUTIONALLY VAGUE.

Supporting FACTS (state *briefly* without citing cases or law): THE ABOVE REGULATION MIRRORS CAL. PEN. CODE SECTION 190.2 (a)(14) WHICH WAS FOUND UN-CONSTITUTIONAL BY THE CAL. SUPREME COURT. FURTHER, THE "BOARD", WHEN APPLYING THIS SECTION OF THE REGULATIONS, APPLIES THEM ARBITRARILY TO ALL CLASSES OF MURDER, WHEN THE DEFINITIONS OF THE TERMS USED IN THE SECTION ARE CLEARLY FOR FIRST DEGREE MURDER, AND NOT SECOND DEGREE. E.G. "CALCULATED."

AO 241 (Rev. 5/85)

C. Ground three: PETITIONER ASSERTS GROUND TWO IS ALSO A VIOLATION OF HIS PLEA BARGAIN TO SECOND DEGREE MURDER

Supporting FACTS (state *briefly* without citing cases or law): THE "BOARD", BY USING THE TERMS IN THE ABOVE REGULATION IN AN ARBITRARY MANNER, VIOLATE PETITIONERS PLEA BARGAIN BY PLACING HIS CRIME IN THE SAME CATEGORY AS FIRST DEGREE MURDER.

D. Ground four: PLEA AGREEMENT VIOLATED BY "BOARD" BY "ELEVATING" CRIME TO FIRST DEGREE VIOLATING DUE PROCESS, EQUAL PROTECTION, AND STATE LAWS AND STATUTES.

Supporting FACTS (state *briefly* without citing cases or law): THE "BOARD", BY CHARACTERIZING CRIME AS "CALCULATED" IS TREATING PETITIONERS CRIME AS A FIRST DEGREE MURDER, CONTRARY TO THE PLEA BARGAIN ENTERED INTO IN THIS CASE.

PETITIONER INCLUDES WITH THIS PETITION THE ENTIRE PETITION AND AUTHORITIES AND EXHIBITS FILED IN THE CA SUPREME COURT AS THOUGH SET FORTH IN FULL.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes — No ✗

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing BARRY LEVY, ATTORNEY AT LAW, CONTRACT PUBLIC DEFENDER, COUNTY OF LAKE

(b) At arraignment and plea SAME AS ABOVE

AO 241 (Rev. 5/85)

(c) At trial _SAME AS ABOVE_

(d) At sentencing _SAME AS ABOVE_

(e) On appeal _N/A_

(f) In any post-conviction proceeding _AT BOARD OF PAROLES HEARING:_
_ATTORNEY AT LAW_
_CANDICE CHRISTENSEN, P.O. BOX 189097, SACRAMENTO, CA 95818-9097_

(g) On appeal from any adverse ruling in a post-conviction proceeding _NONE_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ‾ No **X**

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ‾ No **X**
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ‾ No **X**

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

_JULY 2, 2007_
(date)

_____
Signature of Petitioner

(7)

Vincent Smith  C-99842
Chuckawalla Valley State Prison
P.O. Box 2349    A1-150-Low
Blythe California    92226

May 18, 2007

Re: Proper filing venue for Habeas petition

Dear Clerk of Court, Northern District:
    I am preparing to file a Petition for Writ of Habeas Corpus
in the U.S. District Court, but I am unsure of which District to
file in.

    I am going to file on issues arising from my Parole
Consideration Hearing, and one of those issues is that I believe
my Plea Bargain has been violated by the California Board of
Parole Hearings (formerly Board of Prison Terms).

    I have previously filed a petition in the U.S. District
Court, Northern District, but on issues arising from my criminal
conviction, not on the Parole Board, so I also do not know if that
affects how I have to file my petition.

    As to venue, I was convicted and sentenced in Lakeport, CA,
Lake County; the Parole Hearing I am challenging was held in
Folsom, CA, Sacramento County; and I am currently housed in a
prison in Blythe, CA, Riverside County.

    In the California Courts, it is now required to file Habeas
Petitions in the County of Conviction, then the District Court of
Appeal for the same County of Conviction, as those Court(s) have
all the information readily available to deal with petitions
arising from Parole Hearings.

    I was told by another inmate I should file in the Northern
U.S. District Court in this instance, but I want to be absolutely
sure, and not waste the Courts' time.

    If I do file in the Northern District, I will need a copy of
your Habeas petition forms, as our Law Library here has none.

    Thank you for your time and cooperation, it is greatly
appreciated.

                              Sincerely,

                              Vincent Smith

///
///
///

    NO ANSWER
    RECEIVED AS
    OF 7-2-07

JAN 0 [ '06

**FILED**
SUPERIOR COURT
COUNTY OF LAKE

DEC 1 5 2005

By: _William E. Jaynes_ Clerk
_____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LAKE

In The Matter of the Application of:        )   Case No 906890
                                            )   ORDER DENYING WRIT
VINCENT SMITH            Petitioner,        )
                                            )
For a Writ of Habeas Corpus                 )
                                            )
                                            )
                                            )

    The court has reviewed the "Petition for Writ of Habeas Corpus filed October 17, 2005.
Petitioner challenges the action of the Board of Prison Terms in denying parole for a period of one
additional year. The action of the Board of Prison Terms is reviewed on the "some evidence"
standard. The court finds that there is some reliable evidence in the record to support the action
taken by the Board of Prison Terms. Accordingly, the Writ is denied.

Dated: December 15, 2005

                                    _Arthur H. Mann_

                                    Hon. Arthur H. Mann

JAN 0 6 2006

## CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the County of Lake. I am over the age of 18 years and not a party to, or interested in, the within entitled action. My business address is 255 North Forbes Street, Lakeport, CA 95453.

On December 15, 2005, I served a true and correct copy of the following:

**Order Denying Writ**
**(People v Smith, V – Case No. CR 906890)**

On the parties/counsel in the said action, as follows:

Chukawalla Valley State Prison
Vincent Smith  - A-1-240-UP
PO BOX 2349
Blytthe, Ca 92226

___X_____    **U.S. Postal Service:**  By placing such envelope(s) with postage thereon fully prepaid in the designated area for out-going mail in accordance with this office's practice, whereby the mail is deposited in a U.S. mailbox in the city of Lakeport, California 95453

_____    **Courthouse Mailbox**

_____    **Via Facsimile**

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED:  December 15 , 2005

Yolanda Rosas
Judicial Assistant

H:\CURPRSVC.DOC



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

**FILED**

APR 1 1 2006

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
                    DEPUTY

In re VINCENT SMITH,

    on Habeas Corpus.

A113109

(Lake County
Super. Ct. No. 906890)

BY THE COURT:

    The petition for writ of habeas corpus is denied.

Dated:    APR 1 1 2006           LAMBDEN, J.     Acting P.J.

1

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—
NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
—
☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

March 7, 2007

Mr. Vincent Smith  C-99842
Chuckwalla Valley State Prison
P.O. Box 2349
Blythe, CA  92226

Re:    **S142783 In re Vincent Smith on Habeas Corpus**

Dear Mr. Smith:

       This is in reply to your letter of March 4, 2007, and hereby return unfiled your documents which we received March 7, 2007. The denial filed by this court on November 29, 2006, of the above-referenced matter was final forthwith and may not be reconsidered. Please rest assured, however, that the petition, and the contentions made therein, were considered by the entire court, and that the denial expresses the decision of the court on this matter.

       Very truly yours,

       FREDERICK K. OHLRICH
       Court Administrator and
       Clerk of the Supreme Court

       By: I. Calanoc
       Deputy Clerk

Enclosures

Vincent Smith C-99842
Chuckawalla Valley State Prison
P.O. Box 2349    A1-150-Low
Blythe, California    92226
In Pro Per

May 18, 2007

Re; Vincent Smith on Habeas Corpus   S142783

Dear Ronald M. George, Chief Justice:
    On April 20, 2006 I filed a petition for writ of Habeas
Corpus with the Court.
    On April 24, 2006 I mailed my first set of Supplemental
Points and Authorities in support of my petition to the Court.
    On September 28, 2006 I sent a change of address to the
Court, also requesting a status update on my petition.
    On October 12, 2006 I received from the Clerk of the Court an
acknowledgement of my change of address. The Clerk also informed
me my petition was still pending and did not know when the Court
would act on the petition.
    On January 3, 2007 I sent the Court another new change of
address, but received no acknowledgement of its receipt by the
Clerk.
    On March 4, 2007 I mailed the Court my second Supplemental
Points and Authorities and Exhibits in support of my petition.
    On March 13 2007 I received a letter from the Clerk of the
Court returning my second Supplemental Points and Authorities as
unfileable, stating my Habeas Petition had been Denied on November
29, 2006.
    On March 14, 2007 I wrote the Clerk of the Court requesting a
copy of the Order Denying the Petition for a Writ of Habeas Corpus,
as I never received a copy of the Order denying my petition.
    As of this date I have Not received a copy of the Order
denying my petition, nor a response to my March 14, 2007 letter
requesting a copy of the Order.
    I respectfully request this Honorable Court to send me a copy
of said Order so that I may continue my writ petition into the
Federal District Court.
    Thank you for your time and cooperation, it is greatly
appreciated.
                          Sincerely,

                          Vincent Smith
                          In Propria Persona

/ / /
/ / /
/ / /

S142783

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re VINCENT SMITH on Habeas Corpus

---

Petition for writ of habeas corpus is DENIED.

SUPREME COURT
FILED

NOV 29 2006

Frederick K. Ohlrich Clerk

DEPUTY

_Chief Justice_

Received On
May 29, 2007

MC-275

Name   VINCENT SMITH

Address   CHUCKAWALLA VALLEY STATE PRISON

P.O. BOX 2349   A1-240-U

BLYTHE, CALIFORNIA   92226

CDC or ID Number   C-99842

IN

IN THE SUPREME COURT

IN AND FOR THE STATE OF CALIFORNIA
(Court)

| VINCENT SMITH, | |
|---|---|
| Petitioner | |
| vs. | |
| J. SALAZAR, WARDEN (A), | |
| Respondent | |

**PETITION FOR WRIT OF HABEAS CORPUS**

No. S142783

*(To be supplied by the Clerk of the Court)*

COPY

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS    WEST GROUP
Official Publisher

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

☐ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions        ☐ Prison discipline

☒ Other *(specify)*:   BOARD OF PRISON TERMS PAROLE SUITABILITY HEARING

1. Your name:   VINCENT SMITH      C-99842

2. Where are you incarcerated?   CHUCKAWALLA VALLEY STATE PRISON

3. Why are you in custody?   ☒ Criminal Conviction    ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      SECOND DEGREE MURDER WITH USE OF FIREARM

   b. Penal or other code sections:   P.C. §§187, 12022.5, AND 1203.06(a)(1)

   c. Name and location of sentencing or committing court:   SUPERIOR COURT OF CALIFORNIA, COUNTY OF LAKE,

      LAKEPORT, CALIFORNIA

   d. Case number:   CR-1757

   e. Date convicted or committed:   JANUARY 2, 1985

   f. Date sentenced:   JANUARY 28, 1985

   g. Length of sentence:   15 YEARS TO LIFE, PLUS 2 YEAR ENHANCEMENT

   h. When do you expect to be released?   UNKNOWN

   i. Were you represented by counsel in the trial court?   ☒ Yes.   ☐ No. If yes, state the attorney's name and address:

      BARRY LEVY, ATTORNEY AT LAW, CONTRACT PUBLIC DEFENDER-COUNTY OF LAKE

4. What was the LAST plea you entered? *(check one)*

   ☐ Not guilty   ☒ Guilty   ☐ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6. GROUNDS FOR RELIEF

*Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

THE BOARD OF PAROLES (FORMERLY BOARD OF PRISON TERMS AND PAROLES)

DENIED PETITIONER HIS STATE AND FEDERAL RIGHTS OF DUE PROCESS
WHEN IT DENIED PETITIONER PAROLE ARBITRARILY WITHOUT "SOME
EVIDENCE" WITH "AN INDICIA OF RELIABILITY TO SUPPORT ITS FINDINGS,
AND BY IT'S REPEATED USE OF THE CRIME AND PAST BEHAVIOR AS THE
MAIN FACTOR TO DENY PAROLE.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who did exactly what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

THE BOARD, IN DENYING PAROLE FOR THE FIFTH TIME AFTER 19 YEARS OF
INCARCERATION, RELIED ON PETITIONER'S CRIME AND ONE JUVENILE PRIOR
ADJUDICATION AS MAIN FACTORS TO DENY PAROLE AND MAKE THE FINDING
PETITIONER WAS A CONTINUED THREAT TO SOCIETY, IGNORING THE FACT
PETITIONER HAS NO RECORD OF VIOLENCE SINCE THE CONVICTED OFFENSE
AND CONTRARY TO THE BOARD'S OWN APPOINTED PSYCHIATRIC EVALUATIONS.
FURTHER, ALL OTHER FINDINGS OF THE BOARD WERE ARBITRARY AND WITH NO
SUPPORT WHATSOEVER IN THE RECORD.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

IN RE DE LUNA 126 C.A. 4TH 585, 24 C.RPTR.3D 643
IN RE SCOTT 119 C.A. 4TH 871, 15 C.RPTR.3D 32
IN RE ROSENKRANTZ 29 C. 4TH 616, 128 C.RPTR.2D 104
McQUILLION v. DUNCAN 306 F. 3D 895, 900
BIGGS v. TERHUNE 334 F. 3D 910
IRONS v. WARDEN 358 F.SUPP. 2D 936

7. Ground 2 or Ground _____ *(if applicable):*

PETITIONER'S PLEA AGREEMENT WAS VIOLATED BY THE BOARD "ELEVATING" AND CHARACTERIZING THE CRIME AS THAT OF FIRST DEGREE MURDER, VIOLATING PETITIONER'S RIGHTS OF DUE PROCESS, EQUAL PROTECTION, AND VARIOUS OTHER RIGHTS, LAWS AND STATUTES, STATE AND FEDERAL.

a. Supporting facts:

THE BOARD, BY CHARACTERIZING PETITIONER'S CRIME AS "CALCULATED" AMONG OTHER THINGS, IS EFFECTIVELY SAYING PETITIONER IS GUILTY OF FIRST DEGREE MURDER, AND PUNISHING PETITIONER AS IF HE WERE CONVICTED OF FIRST DEGREE MURDER, CONTRARY TO THE PLEA BARGAIN AND IN VIOLATION OF PETITIONER'S RIGHTS.

b. Supporting cases, rules, or other authority:

PEN. CODE SEC. 1192.1;   PEOPLE v. ORIN 120 C.RPTR. 65, 69
SANTOBELLO v. NEW YORK 404 U.S. 257, 30 L.ED. 2D 427
BOYKIN v. ALABAMA 395 U.S. 238, 23 L.ED. 2D 274

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☒ No.    If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
   N/A

   b. Result: _____ c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised: (1) _____

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:

   _____

9. Did you seek review in the California Supreme Court? ☐ Yes. ☐ No.    If yes, give the following information:

   a. Result: _____ b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    N/A

11. Administrative Review:

    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    PETITIONER SOUGHT ADMINISTRATIVE REVIEW WITH BOARD OF PRISON TERMS. ADMINISTRATIVE

    REVIEWS BY BOARD (BPT) WAS DISCONTINUED. (SEE EXHIBIT "A" ATTACHED.)

    b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.
    *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  [XX] Yes. If yes, continue with number 13.  [ ] No. If no, skip to number 15.

13. a. (1) Name of court: SUPERIOR COURT, COUNTY OF LAKE, LAKEPORT, CA

   (2) Nature of proceeding (for example, "habeas corpus petition"): HABEAS CORPUS PETITION

   (3) Issues raised: (a) ALL ISSUES PRESENTED HEREIN

   (b) _____

   (4) Result (Attach order or explain why unavailable): DENIED (SEE ATTACHED)

   (5) Date of decision: DECEMBER 15, 2005

   b. (1) Name of court: COURT OF APPEAL, 1ST APPELLATE DISTRICT, S.F., CA

   (2) Nature of proceeding: HABEAS CORPUS PETITION

   (3) Issues raised: (a) ALL ISSUES PRESENTED HEREIN

   (b) _____

   (4) Result (Attach order or explain why unavailable): DENIED (SEE ATTACHED)

   (5) Date of decision: APRIL 11, 2006

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
   NO HEARING HELD IN ANY COURT LISTED ABOVE.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
   ALL ISSUES RAISED HEREIN ARE AS TIMELY RAISED

   AS PETITIONER'S CIRCUMSTANCES ALLOW.

16. Are you presently represented by counsel?  [ ] Yes.  [XX] No. If yes, state the attorney's name and address, if known:
   AN UNRELATED HABEAS PETITION ON THE CRIMINAL CONVICTION IS

   CURRENTLY BEFORE THE SUPERIOR COURT, COUNTY OF LAKE.

17. Do you have any petition, appeal, or other matter pending in any court?  [XX] Yes.  [ ] No. If yes, explain:

   AN UNRELATED PETITION ON THE CRIMINAL CONVICTION IS

   CURRENTLY BEFORE THE SUPERIOR COURT, COUNTY OF LAKE.

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   TITLED COURT HAS ORIGINAL HABEAS CORPUS JURISDICTION IN THIS
   MATTER

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: APRIL 17, 2006

▶ _Denise Smith_
(SIGNATURE OF PETITIONER)

VINCENT SMITH  C-99842
CHUCKAWALLA VALLEY STATE PRISON
P.O. BOX 6422   A1-240-U
BLYTHE, CALIFORNIA   92226
IN PROPRIA PERSONA

### IN THE SUPREME COURT

### IN AND FOR THE STATE OF CALIFORNIA

| | |
|---|---|
| VINCENT SMITH,          ) <br>      PETITIONER,   ) <br>                  ) <br> vs.                    ) <br>                  ) <br> J. SALAZAR, WARDEN (A),   ) <br>        RESPONDENT.   ) | CASE NO. _____ <br><br> MEMORANDUM, POINTS AND <br> AUTHORITIES IN SUPPORT <br> OF PETITION FOR WRIT <br> OF HABEAS CORPUS, AND <br> EXHIBITS IN SUPPORT THEREOF. |

PETITIONER, VINCENT SMITH, REQUESTS THIDS HONORABLE COURT TO ISSUE A WRIT OF HABEAS CORPUS FOR THE FOLLOWING REASONS:

1) THE BOARD OF PAROLES DENIED PETITIONER HIS RIGHT OF DUE PROCESS OF LAW BY ARBITRARILY DENYING PETITIONER PAROLE WITHOUT "SOME EVIDENCE" WITH "AN INDICIA OF RELIABILITY" TO SUPPORT IT'S FINDINGS, USING THE CRIME AND PRIOR JUVENILE ADJUDICATION AS MAIN FACTORS IN DENYING PAROLE FOR THE FIFTH TIME AND AFTER 19 YEARS OF INCARCERATION. IT IS ALSO A DENIA OF PETITIONER'S PROTECTED LIBERTY INTEREST IN PAROLE.

2.) PETITIONER'S PLEA AGREEMENT WAS VIOLATED WHEN THE BOARD OF PAROLES (HEREINAFTER BOP) TREATED, CHARACTERIZED, AND PUNISHED PETITIONER'S CRIME AS A FIRST DEGREE MURDER, VIOLATING PETITIONER'S RIGHTS UNDER STATE AND FEDERAL CONSTITUTIONS, LAWS, AND STATUTES, WHEN PETITIONER'S AGREED UPON PLEA WAS TO SECOND DEGREE MURDER.

### BACKGROUND

ON JULY 9, 2003 PETITIONER APPEARED BEFORE THE BOP FOR HIS FIFTH SUBSEQUENT PAROLE CONSIDERATION HEARING. PETITIONER WAS APPEARING FOR THE OFFENSE OF 2ND DEGREE MURDER WITH A SENTENCE

1.

1   OF 17 YEARS TO LIFE AS A RESULT OF A PLEA-BARGAIN. AT TIME OF

2   SAID HEARING, PETITIONER HAD SERVED 19 YEARS TOTAL (INCLUDING

3   COUNTY JAIL - PRE-TRIAL TIME), AND 17 YEARS 10 MONTHS FROM THE

4   DATE HIS LIFE TERM BEGAN. PETITIONER HAD COMPLIED WITH ALL

5   REQUESTS MADE AT HIS PREVIOUS PAROLE SUITABILITY HEARING, HAD

6   OUTSTANDING PAROLE PLANS, AND AN EXCELLENT PSYCHIATRIC

7   EVALUATION AND RECOMMENDATION FOR PAROLE, BUT WAS DENIED PAROLE

8   FOR 1 (ONE) YEAR.

9       PETITIONER FILED AN ADMINISTRATIVE APPEAL ON THIS HEARING

10  (SEE EXHIBIT "A"), FOLLOWING THE PROCEDURE AND TIMETABLE AS

11  EXPLAINED TO HIM BY THE BOP COMMISSIONER AT THE HEARING. (SEE

12  EXHIBIT "B" TRANSCRIPT OF PAROLE HEARING AT P.6). PETITIONER WAS

13  ADVISED THE BOP DECISION WOULD NOT BE FINAL FOR 120 DAYS AND

14  WOULD HAVE 90 DAYS FROM THAT EFFECTIVE DATE TO FILE HIS BOP

15  APPEAL. THE EFFECTIVE DATE OF THE DECISION WAS OCTOBER 7, 2003,

16  THEREFOR PETITIONER HAD UNTIL JANUARY 7, 2004 TO FILE HIS

17  APPEAL. (SEE PAGE 66 OF EXHIBIT "B" FOR DATE OF FINALITY OF

18  DECISION).

19      PETITIONER FILED HIS BOP APPEAL ON DECEMBER 8, 2003, LOG

20  NUMBER F03-077, WHICH WAS FORWARDED TO BOP ON DECEMBER 10, 2003.

21  THIS WAS CLEARLY WITHIN THE TIME FRAME REQUIRED FOR APPEALS.

22  (SEE EXHIBIT "A" FOR ALL DOCUMENTATION REGARDING THE BOP

23  APPEAL).

24      ON DECEMBER 16, 2003 THE BOP APPEAL WAS RETURNED AS

25  UNTIMELY. (SEE EXHIBIT "A" AT P.2).

26      ON JANUARY 7, 2004 PETITIONER RESUBMITTED HIS APPEAL

27  STATING IT WAS NOT UNTIMELY, POINTING OUT HE HAD UNTIL JANUARY

28  7, 2004 TO FILE HIS APPEAL. THIS APPEAL WAS RECEIVED ON JANUARY

                                2.

7, 2004, LOG NUMBER F03-077, AND FORWARDED TO THE BOP ON JANUARY 8, 2004. (SEE EXHIBIT "A" P. 3).

ON OCTOBER 27, 2004 PETITIONER SUBMITTED A LETTER TO THE BOP INQUIRING AS TO THE STATUS OF THE BOP APPEAL. (SEE EXHIBIT "A" P.4). THIS LETTER WAS NOT ANSWERED UNTIL APRIL 2005, AT WHICH TIME THE BOP ONLY ADDRESSED THE APPEAL WHICH WAS FILED FIRST AND REJECTED, WRONGLY, AS UNTIMELY. THE BOP FURTHER STATED THEY NO LONGER HAVE AN APPEALS PROCESS AND TO GO STRAIGHT TO THE COURTS WITH MY ISSUES.

AS SOON AS PETITIONER WAS IN RECEIPT OF THE BOP RESPONSE, HE BEGAN RESEARCHING THE ISSUES PRESENTED HEREIN. AS THE LIBRARY HERE IS ONLY OPEN TWO (2) DAYS A WEEK WHEN FULLY STAFFED, AND ONE (1) DAY A WEEK WHEN SHORT-STAFFED - AS NOW - AND ONE (1) OF THOSE DAYS IS DURING PETITIONER'S WORK HOURS, PETITIONER ONLY HAS THE OPPORTUNITY TO RESEARCH THESE ISSUES A FEW HOURS A WEEK. FURTHER, PETITIONER IS UNTRAINED AT LAW AND LEARNING AS HE GOES, AND WITH ALL THESE FACTORS COMBINED, PETITIONER HAS SUBMITTED HIS PETITIONS IN A TIMELY FASHION.

PETITIONER SUBMITTED HIS PETITION TO THE LAKE COUNTY SUPERIOR COURT ON THESE ISSUES ON OCTOBER 7, 2005. THE COURT DENIED THAT PETITION ON DECEMBER 15, 2005 STATING ONLY THERE WAS SOME EVIDENCE IN THE RECORD TO SUPPORT THE BOP DECISION, BUT DID NOT STATE WHAT THE "SOME RELIABLE EVIDENCE" WAS IT RELIED ON. PETITIONER RECEIVED SAID ORDER ON JANUARY 12, 2006. (COPY OF ORDER ATTACHED), AND IMMEDIATELY BEGAN PREPARING THIS PETITION. FOR THE APPELLATE COURT.  THE APPEALS COURT DENIED THE PETITION ON APRIL 11, 2006.

3.

## BOP'S RESONS FOR DENYING PAROLE

PETITIONER WAS DENIED PAROLE AT HIS JULY 9, 2003, PAROLE SUITABILITY HEARING FOR THE FOLLOWING REASONS:

1) THE GRAVITY OF THE OFFENSE: THE OFFENSE WAS CARRIED OUT IN AN ESPECIALLY VICIOUS AND BRUTAL MANNER; THE OFFENSE WAS DISPASSIONATE AND CALCULATED; CARRIED OUT IN A MANNER WHICH DEMONSTRATES EXCEPTIONALLY INSENSITIVE DISREGARD FOR HUMAN SUFFERING;

2) THE MOTIVE FOR THE CRIME WAS INEXPLICABLE OR VERY TRIVIAL IN RELATIONSHIP;

3) PREVIOUS JUVENILE RECORD OF VIOLENT ASSAULTIVE BEHAVIOR FOR BRANDISHING A WEAPON IN A RUDE AND THREATENING MANNER;

4) A HISTORY OF UNSTABLE OR TUMULTUOUS RELATIONSHIPS WITH OTHERS DUE TO DRUG AND ALCOHOL ABUSE AT THE TIME OF THE CRIME;

5) FAILED PREVIOUS GRANT OF PROBATION;

6) INSTITUTIONAL BEHAVIOR: NOT SUFFICIENT SELF-HELP AND THEREPY PROGRAMMING; PSYCHOSOCIAL REPORT;

7) INADEQUATE PAROLE PLANS;

8) 3042 NOTICES: LAKE COUNTY DISTRICT ATTORNEY'S OPPOSITION TO PAROLE; LAKE COUNTY SHERIFF'S OPPOSITION TO PAROLE;

9) CORRECTIONAL CASEWORKER'S REPORT STATING "UNPREDICTABLE" DEGREE OF THREAT TO SOCIETY.

THE BOP COMMENDED PETITIONER, AT SAID HEARING AS FOLLOWS:

"THE PANEL MAKES THE FOLLOWING FINDINGS: THAT THE PRISONER SHOULD BE COMMENDED. HE'S PARTICIPATED IN AA, BEEN DISCIPLINARY FREE SINCE 1997. HAD A MINOR (INDISCERNABLE) AT THAT TIME AS WE'VE DISCUSSED TODAY. HE HAD ONE 128. POSITIVE WORK REPORTS. DOING AN EXCELLENT JOB AS A BRAILLE TRANSCRIBER. HAS A COUPLE OF

4.

1  VOCATIONS UNDER HIS BELT. HOWEVER, THESE POSITIVE FACTORS DON'T
2  OUTWEIGH THE FACTORS OF UNSUITABILITY AT THIS TIME. MR. SMITH,
3  YOU NEED TO COME TO TERMS, CLEARLY WITH WHAT YOU DID - - THE
4  TRANSGRESSION - - WHY YOU TRANSGRESSED IN THIS PARTICULAR CRIME
5  TO TAKE THE LIFE OF A FRIEND OVER AN ISSUE THAT CLEARLY SEEMS TO
6  BE MORE THAN JUST DEFEND SOMEONE ELSE'S HONOR. AS I SAID, THIS
7  IS A ONE-YEAR DENIAL. RECOMMENDATIONS TO YOU, SIR, ARE TO REMAIN
8  DISCIPLINARY-FREE. IF IT'S AVAILABLE TO YOU, TO PARTICIPATE IN
9  BENEFICIAL SELF-HELP PROGRAMMING TO BETTER UNDERSTAND THE
10 CAUSATIVE FACTORS -- WHAT CAUSED YOU TO COMMIT THIS CRIME. WHAT
11 CAUSED YOU TO TAKE A FRIEND'S LIFE. THIS WOULD CONCLUDE THE
12 READING OF OUR DECISION TODAY, MR. SMITH. THE TIME IS SEVENTEEN
13 TWENTY HOURS. COMMISSIONER, ANY COMMENTS TO THE PRISONER?"

14     DEPUTY COMMISSIONER BACHELOR: I HAVE SOME BRIEF COMMENTS. I
15 THINK, IN THE NEXT YEAR, IF YOU HAVE IT AVAILABLE TO YOU IF YOU
16 COULD ATTEND SELF-HELP GROUPS SUCH AS BREAKING BARRIERS OR
17 THERE'S SOMETING CALLED STRAIGHT LIFE POSSIBLY OR SOMETHING THAT
18 WOULD GIVE YOU MORE CONTACT INTERACTIONS WITH PEOPLE, MAYBE,
19 FROM THE COMMUNITY OF SOME SORT, IF POSSIBLE. . . .

20     I THINK IT WOULD DO YOU WELL. IN ADDITION, I WENT OVER YOUR
21 BOOK READING LIST. AND I THINK IF YOU CAN DIRECT YOUR ATTENTION
22 MORE TOWARDS SOME TYPE OF ANGER MANAGEMENT OR MEDITATION-TYPE
23 SELF-AWARENESS, SELF-ESTEEM -- . . .

24     ALL RIGHT. MY RECOMMENDATION IS TO DO SOME READING ON YOUR
25 OWN FOR SELF-ESTEEM AND ANGER MANAGEMENT, BASICALLY, IS WHAT I
26 WOULD RECOMMEND. AND THEN MAKE SOME NOTES OF IT OF WHAT BOOKS
27 YOU READ AND HOW THOSE IMPACTED YOU. . . ." (ALL OF ABOVE FROM
28 EXHIBIT "B" "DECISION" PP. 61-66.)

5.

ARGUMENT

THE BOARD'S DENIAL OF PAROLE WAS NOT
SUPPORTED BY "SOME EVIDENCE WITH AN INDICIA OF RELIABILITY",
WAS ARBITRARY AND CAPRICIOUS, AND
CONSTITUTED A DENIAL OF DUE PROCESS OF LAW.

THE PAROLE BOARD IS NOT ALLOWED TO MAKE IT'S DECISIONS

BASED ON CAPRICIOUS, ARBITRARY, OR WHIMSICAL STANDARDS. INSTEAD,

THE PAROLE BOARD MUST FOLLOW THE LAW AND THE CRITERIA FOR

CONSIDERATION ENUMERATED IN THE CALIFORNIA CODE OF REGULATIONS,

TITLE 15, SECTION 2402. (SEE IN RE ROSENKRANTZ (2002) 29 C. 4TH

616, 653-654.) CALIFORNIA CODE OF REGULATIONS, TITLE 15, SECTION

2402 (c) (HEREINAFTER "REGS.") READS AS FOLLOWS:

> (c) CIRCUMSTANCES TENDING TO SHOW UNSUITABILITY. THE
> FOLLOWINGCIRCUMSTANCES EACH TEND TO INDICATE
> UNSUITABILITY FOR RELEASE. THESE CIRCUMSTANCES ARE SET
> FORTH AS GENERAL GUIDELINES; THE IMPORTANCE ATTACHED TO
> ANY CIRCUMSTANCE OR COMBINATION OF CIRCUMSTANCES IN A
> PARTICULAR CASE IS LEFT TO THE JUDGMENT OF THE PANEL.
> CIRCUMSTANCES TENDING TO INDICATE UNSUITABILITY
> INCLUDE:
> (1) COMMITMENT OFFENSE. THE PRISONER COMMITTED THE
> OFFENSE IN AN ESPECIALLY HEINOUS, ATROCIOUS OR CRUEL
> MANNER. THE FACTORS TO BE CONSIDERED INCLUDE:
> (PETITIONER INCLUDES ONLY THOSE "FACTORS" RELIED UPON
> BY THE PANEL.)
> (B) THE OFFENSE WAS CARRIED OUT IN A DISPASSIONATE
> AND CALCULATED MANNER, SUCH AS AN EXCECUTION-STYLE
> MURDER.
> (D) THE OFFENSE WAS CARRIED OUT IN A MANNER WHICH
> DEMONSTRATES AN EXCEPTIONALLY CALLOUS DISREGARD FOR
> HUMAN SUFFERING.
> (E) THE MOTIVE FOR THE CRIME IS INEXPLICABLE OR
> VERY TRIVIAL IN RELATION TO THE OFFENSE.
> (2) PREVIOUS RECORD OF VIOLENCE. THE PRISONER ON
> PREVIOUS OCCASIONS INFLICTED OR ATTEMPTED TO INFLICT
> SERIOUS INJURY ON A VICTIM, PARTICULARLY IF THE
> PRISONER DEMONSTRATED SERIOUS ASSAULTIVE BEHAVIOR AT AN
> EARLY AGE.
> (3) UNSTABLE SOCIAL HISTORY. THE PRISONER HAS A
> HISTORY OF UNSTABLE OR TUMULTUOUS RELATIONSHIPS WITH
> OTHERS.

IN RE DeLUNA 126 C.A. 4TH 585, AT 591 GUIDES IN THE REVIEW

OF THE PANEL'S FINDINGS: (3) ONE OF THE BOARD'S FUNCTIONS IS TO

SET PAROLE DATES FOR PRISONERS SERVING INDETERMINATE SENTENCES

(PEN 3041, SUBD. (a), 3060, SUBD.6(b)(4) AND (7).)

(PEN. CODE §§ 3040, 3041 SUBD. (a), 3000, SUBD. (b)(4) AND (7).)
PENAL CODE SECTION 3041, SUBDIVISION (b) REQUIRES THE BOARD TO
"SET A RELEASE DATE UNLESS IT DETERMINES THAT THE GRAVITY OF THE
CCURRENT CONVICTED OFFENSE OR OFFENSES, OR THE TIMING AND
GRAVITY OF CURRENT OR PAST CONVICTED OFFENSE OR OFFENSES, IS
SUCHSUCH THAT CONSIDERATION OF THE PUBLIC SAFETY REQUIRES A MORE
LENGTHY PERIOD OF INCARCERATION FOR THIS INDIVIDUAL, AND THAT A
PAROLE DATE, THEREFORE, CANNOT BE FIXED AT THIS MEETING." THIS
STATUTE CREATES A CONDITIONAL LIBERTY INTEREST FOR A PROSPECTIVE
PAROLEE. (cf. ROSENKRANTZ, SUPRA, 29 C. 4TH AT 661; McQUILLION
v. DUNCAN (9TH CIR. 2002) 306 F.3D 895, 901-902) THE BOARD HAS
BROAD DISCRETION, SOMETIMES CALLED 'GREAT' AND 'ALMOST
UNLIMITED' TO IDENTIFY AND WEIGH THE FACTORS RELEVANT TO
PREDICTING BY SUBJECTIVE ANALYSIS WHETHER THE INMATE WILL BE
ABLE TO LIVE IN SOCIETY WITHOUT COMMITTING ADDITIONAL ANTISOCIAL
ACTS. (ROSENKRANTZ, SUPRA, 29 C. 4TH AT 655) HOWEVER, "THE
REQUIREMENT OF PROCEDURAL DUE PROCESS EMBODIED IN THE CALIFORNIA
CONSTITUTION (CAL. CONST., ART I, §7, SUBD.(a)) PLACES SOME
LIMITATIONS UPON THE BROAD DISCRETIONARY AUTHORITY OF THE
BOARD." (IBID.) A PRISONER IS ENTITLED TO "AN INDIVIDUALIZED
CONSIDERATION OF ALL RELEVANT FACTORS. (IBID.)

THE COURT FURTHER STATED IN IN RE DeLUNA, SUPRA, 126 C.A.
4TH AT 598 THAT THE "DECISION CANNOT STAND WHEN FINDINGS ON
IMPORTANT FACTORS LACK EVIDENTIARY SUPPORT AND IT IS NOT CLEAR
THAT THE BOARD WOULD HAVE REACHED THE SAME CONCLUSION BASED ON
THE SUPPORTED FACTORS. (cf. IN RE SMITH, SUPRA, 114 C.A. 4TH AT
373.)"

THE BOARD STATED IN IT'S REASONS FOR DENIAL THAT THE

7.

OFFENSE WAS "DISPASSIONATE" AND "CALCULATED" BECAUSE PETITIONER
"WENT OUT TO YOUR VEHICLE -- YOUR TRUCK AND CAME BACK WITH A
LOADED .22-RIFLE AND JUST ABOUT EMPTIED THE RIFLE INTO THE
VICTIM. THE OFFENSE WAS CARRIED OUT IN A MANNER WHICH
DEMONSTRATES EXCEPTIONALLY INSENSITIVE DISREGARD FOR HUMAN
SUFFERINGS IN THAT HE WAS SHOT 14 TIMES, FOUR OR FIVE OF THOSE
WAS TO -- WERE TO THE HEAD. THE MOTIVE FOR THE CRIME WAS
INEXPLICABLE OR VERY TRIVIAL IN RELATIONSHIP. THIS WAS OVER
JEALOUSY, MR. SMITH, YOU TOLD US TODAY. BUT I FIND IT HARD TO
BELIEVE THAT IT WAS OVER PROTECTING SOMEONE'S VANITY, IF YOU
WILL. VIRGINITY, I GUESS WOULD BE ANOTHER WORD. YOU ARRIVED AT
ANNETTE MILLER'S CABIN AROUND 6:30. THE VICTIM WAS ALREADY THERE
VISITING. AT APPROXIMATELY SEVEN O'CLOCK, YOU WENT TO YOUR
PICKUP TRUCK AND YOU RETURNED TO THE CABIN WITH A LOADED .22-
RIFLE. YOU SHOT THE VICTIM, KILLING THE VICTIM. THEN IT SAYS,
SHOT HIM SOME 14 TIMES IN THE BODY AND IN THE HEAD, WHICH CAUSED
HIS DEMISE. THESE ARE THE -- THE CONCLUSIONS WERE DRAWN FROM THE
STATEMENT OF FACTS WHEREIN YOU CAUSED THE DEMISE OF ROBERT
DARLING. HE WAS 25 YEARS OF AGE. AND HE WAS A FRIEND OF YOURS,
TOO. YOU SHOT HIM WITH A .22-RIFLE. YOU HAD BEEN INTOXICATED
THAT DAY WITH ALCOHOL AND METHAMPHETAMINE. PREVIOUS RECORD, THE
PRISONER HAS A RECORD OF VIOLENT ASSAULTIVE BEHAVIOR IN THAT AS
A JUVENILE, YOU THREATENED TO ASSAULT WITH A BROKEN SHOTGUN
PASSERS-BY ON A HORSE. YOU HAVE A HISTORY OF UNSTABLE AND
TUMULTUOUS RELATIONSHIPS WITH OTHERS. YOU HAD A PROBLEM WITH
SUBSTANCE ABUSE OF ALCOHOL AND DRUGS AS YOU WERE ON THE ALCOHOL
AND METH THAT PARTICULAR DAY OF THE INSTANT OFFENSE. YOU FAILED
PREVIOUS GRANTS OF PROBATION, CANNOT BE COUNTED UPON TO AVOID

8.

CRIMINALITY. INSTITUTIONAL BEHAVIOR, THE PRISONER HAS NOT
SUFFICIENTLY PARTICIPATED IN BENEFICIAL SELF-HELP AND THEREPY
PROGRAMMING AT THIS TIME. PSYCHOSOCIAL REPORT, INADEQUATE PAROLE
PLANS AND INADEQUATE -- 3042 NOTICES INDICATE OPPOSITION IN A
FINDING OF SUITABILITY. SPECIFICALLY, THE DISTRICT ATTORNEY'S
OFFICE OF LAKE COUNTY HAD A REPRESENTATIVE PRESENT HERE TODAY IN
OPPOSITION AS WELL AS A LETTER FROM THE SHERIFF'S DEPARTMENT
DATED APRIL THE 16TH OF 2002, AUTHORED BY THE LETTERHEAD OF THE
CHIEF OF -- OR THE CHIEF -- THE SHERIFF OF THE COUNTY OF LAKE AS
WELL AS IT WAS SIGNED, HOWEVER, BY JEFFREY B. MARCUM, CHIEF
DEPUTY OF THE SHERIFF. THIS WAS THE LAW ENFORCEMENT AGENCY WHICH
INVESTIGATED THE PARTICULAR INCIDENT. OTHER INFORMATION BEARING
ON HIS SUITABILITY WOULD BE THAT THE PRISONER'S COUNSELOR, A CC-
ONE H. MACIAS-GRAHAM, WROTE IN THE CURRENT BOARD REPORT THAT THE
PRISONER WOULD POSE AN UNPREDICTABLE DEGREE OF THREAT TO THE
PUBLIC IF RELEASED AT THIS TIME. REMARKS, THE PANEL MAKES THE
FOLLOWING FINDINGS: THAT THE PRISONER SHOULD BE COMMENDED. HE'S
PARTICIPATED IN AA, BEEN DISCIPLINARY FREE SINCE 1997. HAD A
MINOR (INDISCERNABLE) AT THAT TIME AS WE'VE DISCUSSED TODAY. HE
HAD ONE 128. POSITIVE WORK REPORTS. DOING AN EXCELLENT JOB AS A
BRAILLE TRANSCRIBER. HAS A COUPLE OF VOCATIONS UNDER HIS BELT.
HOWEVER, THESE POSITIVE ASPECTS OF HIS BEHAVIOR DON'T OUTWEIGH
THE FACTORS OF UNSUITABILITY AT THIS TIME. MR. SMITH, YOU NEED
TO COME TO TERMS, CLEARLY, WITH WHAT YOU DID -- THE
TRANSGRESSION -- WHY YOU TRANSGRESSED IN THIS PARTICULAR CRIME
TO TAKE THE LIFE OF A FRIEND OVER AN ISSUE THAT CLEARLY SEEMS TO
BE MORE THAN JUST TO DEFEND SOMEONE ELSE'S HONOR. AS I SAID,
THIS IS A ONE-YEAR DENIAL. RECOMMENDATIONS TO YOU, SIR, ARE TO

REMAIN DISCIPLINARY-FREE. IF IT IS AVAILABLE TO YOU, TO
PARTICIPATE IN BENEFICIAL SELF-HELP PROGRAMMING TO BETTER
UNDERSTAND THE CAUSATIVE FACTORS -- WHAT CAUSED YOU TO COMMIT
THE CRIME. WHAT CAUSED YOU TO TAKE A FRIEND'S LIFE." (EXHIBIT
"B" AT PP. 61-64.)

IT APPEARS FROM THE BOP'S DENIAL THAT IT IS USING REGS.
SECTIONS 2402(c)(1)(B),(D), AND (E), WHICH ARE ALL STATED IN
FULL ABOVE.

PETITIONER CONTENDS THIS ENTIRE SECTION OF THE CA. CODE OF
REGS. SECTION 2402(c)(1)(A) THROUGH (E) IS UNCONSTITUTIONALLY
VAGUE AND IS VOID. THE CALIFORNIA SUPREME COURT IN PEOPLE v.
SANDERS (1990) 51 C.3D 471, 273 C.RPTR. 537 FOUND THE TERMS OF
CA. PENAL CODE SECTION 190.2(a)(14) UNCONSTITUTIONALLY VAGUE,
THE SECTION WHICH IT APPEARS CA. CODE OF REGS. SECTIONS 2402(c)
(1)(A) THROUGH (E) WAS MODELED AFTER. CA. PENAL CODE SECTION
190.2(a)(14) READS AS FOLLOWS:

> 190.2 DEATH PENALTY OR LIFE IMPRISONMENT WITHOUT
> PAROLE; SPECIAL CIRCUMSTANCES
> (a) THE PENALTY FOR A DEFENDANT WHO IS FOUND
> GUILTY OF MURDER IN THE FIRST DEGREE IS DEATH OR
> IMPRISONMENT IN THE STATE PRISON FOR LIFE WITHOUT THE
> POSSIBILITY OF PAROLE IF ONE OR MORE OF THE FOLLOWING
> SPECIAL CIRCUMSTANCES HAS BEEN FOUND UNDER SECTION
> 190.4 TO BE TRUE:
> (14) THE MURDER WAS ESPECIALLY HEINOUS, ATROCIOUS,
> OR CRUEL, MANIFESTING EXCEPTIONAL DEPRAVITY. AS USED IN
> THIS SECTION, THE PHRASE "ESPECIALLY HEINOUS,
> ATROCIOUS, OR CRUEL, MANIFESTING EXCEPTIONAL DEPRAVITY"
> MEANS A CONSCIENCELESS OR PITILESS CRIME THAT IS
> UNNECESSARILY TORTUROUS TO THE VICTIM.

FURTHER, THE SECTION CLEARLY APPLIES TO CRIMES THAT WOULD
HAVE QUALIFIED FOR "SPECIAL CIRCUMSTANCES", WHICH PETITIONER'S
CRIME DOES NOT, AND TO USE THIS SECTION ON ALL MURDERS, AS THE
BOP REGULARLY DOES, IS A VIOLATION OF EQUAL PROTECTION OF THE

10.

LAW AND A DENIAL OF DUE PROCESS OF LAW, BY CIRCUMVENTING THE JURY
PROCESS AND "TRYING AND CONVICTING" PETITIONER FOR A CRIME NOT
CHARGED AND A DEGREE OF THE CRIME HIGHER THAN THAT HE WAS
CONVICTED OF.

ALSO, BY CONTINUING TO USE THE CRIME AND PREVIOUS JUVENILE
ADJUDICATION TO CONTINUALLY DENY PAROLE, PARTICULARLY AFTER SO
MANY YEARS HAVE PASSED, AND SO MANY BOP HEARINGS IT WAS USED TO
DENY PAROLE, ESPECIALLY WHEN PETITIONER HAS ABSOLUTELY NO RECORD
OF ANY VIOLENCE WHAT-SO-EVER SINCE THE COMMITMENT OFFENSE AMOUNTS
TO A VIOLATION OF DUE PROCESS OF LAW. (SEE BIGGS v. TERHUNE (9TH
CIR. 2003) 334 F.3D 910, 917. SEE ALSO IN RE SCOTT 133 C.A. 4TH
AT 595.)

THE FACTOR STATED BY THE BOARD UNDER REGS. SECTION
2402(c)(1)(B) DOES NOT EVEN APPLY TO THIS CASE, AS THE CRIME WAS
NOT "CARRIED OUT IN A DISPASSIONATE AND CALCULATED MANNER, SUCH
AS AN EXECUTION-STYLE MURDER." ON THE CONTRARY, THE EVIDENCE
CLEARLY POINTS TO PETITIONER ACTING IN "THE HEAT OF PASSION" OF
HIS GREAT FEAR OF THE VICTIM AND WHAT THE VICTIM MAY HAVE TRIED
TO DO TO MISS MILLER, AND CONTRAINDICATED BY THE PSYCHIATRIC
REPORT, WHICH WILL BE DISCUSSED FURTHER BELOW.

IN IN RE SMITH 114 C.A. 4TH 343, 366 THE COURT STATED: "A
CONVICTION FOR MURDER DOES NOT AUTOMATICALLY RENDER ONE
UNSUITABLE FOR PAROLE. (SEE ROSENKRANTZ, SUPRA, 29 C. 4TH AT P.
683). RATHER, THE REGULATIONS REVEAL THAT THE GRAVITY OF AN
OFFENSE TENDS TO SHOW UNSUITABILITY WHERE THE CIRCUMSTANCES OF
THE CRIME DISTINGUISH IT AS ESPECIALLY GRAVE.

TO GUIDE THIS DETERMINATION, SECTION 2402, SUBDIVISION
(c)(1) OF THE REGULATIONS FOCUSES ATTENTION ON WHETHER THE

OFFENSE WAS COMMITTED "IN AN ESPECIALLY HEINOUS, ATROCIOUS, OR
CRUEL MANNER."

THIS CRIME DOES NOT MEET THE REQUIREMENTS OF REGS. SECTION
2402(c)(1)(B) AS IT IS NOT AN "EXECUTION STYLE" MURDER, AND THERE
IS NO EVIDENCE TO SUPPORT THIS FINDING.

THE FACTOR STATED BY THE BOP UNDER REGS. SECTION
2402(c)(1)(D) IS ALSO WITHOUT ANY EVIDENTIARY SUPPORT. THE BOARD,
AS A BASIS FOR THIS FINDING, POINTS TO THE NUMBER OF ROUNDS
FIRED, AND THAT THE VICTIM WAS STRUCK 4 TIMES IN THE HEAD. THIS
OFFENSE WAS NOT "CARRIED OUT IN A MANNER WHICH DEMONSTRATES AN
EXCEPTIONALLY CALLOUS DISREGARD FOR HUMAN SUFFERING." THOUGH THE
VICTIM WAS SHOT NUMEROUS TIMES, IT MUST BE KEPT IN MIND IT WAS
WITH A SEMI-AUTOMATIC RIFLE FIRED VERY RAPIDLY. IN OTHER WORDS,
THE AMOUNT OF TIME TO FIRE 14 ROUNDS FROM PETITIONER'S RIFLE
WOULD BE EQUIVALENT TO FIRING JUST 2 OR 3 ROUNDS FROM A REVOLVER.
THE SHOOTING WAS DONE IN SECONDS. THE VICTIM WAS NOT TORMENTED,
TORTURED, TERRORIZED, OR INJURED PRIOR TO BEING SHOT, NOR WAS THE
VICTIM'S "PAIN AND SUFFERING" UNNECESSARILY PROLONGED OR
INCREASED. THE COURT IN <u>SMITH</u> STATED THIS VERY WELL:

> (5) SECOND DEGREE MURDER REQUIRES EXPRESS OR IMPLIED
> MALICE -- i.e., THE PERPETRATOR MUST KILL ANOTHER
> PERSON WITH THE SPECIFIC INTENT TO DO SO; OR HE OR SHE
> MUST CAUSE ANOTHER PERSON'S DEATH BY INTENTIONALLY
> PERFORMING AN ACT, KNOWING IT IS DANGEROUS TO HUMAN
> LIFE AND WITH CONSCIOUS DISREGARD FOR LIFE (§§187-189;
> SEE CALJIC NO. 8.11) FOR THIS REASON, IT CAN BE
> REASONABLY SAID THAT <u>ALL</u> SECOND DEGREE MURDERS BY
> DEFINITION INVOLVE SOME CALLOUSNESS -- i.e., LACK OF
> EMOTION OR SYMPATHY, EMOTIONAL INSENSITIVITY,
> INDIFFERENCE TO THE FEELINGS AND SUFFERINGS OF OTHERS.
> (SEE WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (3d
> Ed. 1993) P.319 COL. 1.) (6) AS NOTED, HOWEVER, PAROLE
> IS THE RULE, RATHER THAN THE EXCEPTION, AND A
> CONVICTION FOR SECOND DEGREE MURDER DOES NOT
> AUTOMATICALLY RENDER ONE UNSUITABLE . . . THERE IS NO
> EVIDENCE THAT SMITH ACTED WITH COLD, CALCULATED,

DISPASSION; OR THAT HE TORMENTED, TERRORIZED, OR
INJURED GARNER BEFORE DECIDING TO SHOOT HER; OR THAT
HE GRATUITOUSLY INCREASED OR UNNECESSARILY PROLONGED
HER PAIN AND SUFFERING. . . . WAS THE CRIME CALLOUS?
YES. HOWEVER, ARE THE FACTS OF THE CRIME SOME EVIDENCE
THAT SMITH ACTED WITH EXCEPTIONAL CALLOUS DISREGARD
FOR GARNER'S SUFFERING; OR DO THE FACTS DISTINGUISH
THIS CRIME FROM OTHER SECOND DEGREE MURDERS AS
EXCEPTIONALLY CALLOUS? NO. (c.f. IN RE SMITH (2003)
109 C.A. 4TH 489, 504, 506 [NO EVIDENCE THAT CRIME
ESPECIALLY HEINOUS, ETC.]) SMITH, SUPRA, 114 C.A. 4TH
AT 366.

IN THE SMITH CASE, SMITH RETRIEVED A .22-CALIBER REVOLVER

FROM A DRAWER AND SHOT MISS GARNER 3 TIMES IN THE HEAD, KILLING

HER. (SEE SMITH, SUPRA,114 C.A. 4TH AT 367.)

ANOTHER FACTOR TO BE CONSIDERED WHEN USING THESE REGS.

SECTIONS TO DENY PAROLE IS THAT ALTHOUGH A CRIME MAY BE

PARTICULARLY EGREGIOUS FOR A SECOND DEGREE MURDER, BUT WHEN THE

PRISONER HAS SERVED ENOUGH TIME, AND THEN SOME, TO BE ELIGIBLE

FOR PAROLE FOR FIRST DEGREE MURDER, CLEARLY THE "HEINOUSNESS"

STANDARD WOULD NOT BE THE SAME FOR FIRST AND SECOND DEGREE, AND

THE BOARD WOULD HAVE TO THEN MAKE A SHOWING THE CRIME WAS

"PARTICULARLY EGREGIOUS" FOR A FIRST DEGREE MURDER. (SEE

ROSENKRANTZ, SUPRA, 29 C. 4TH 616, CONCURRING OPINION BY MORENO,

J.) PETITIONER, AT TIME OF HIS 2003 HEARING WAS CLEARLY INTO

FIRST DEGREE MURDER TIME, AND THE BOARD'S CONTINUED DENIAL ON

THIS GROUND CONSTITUTES A DENIAL OF DUE PROCESS.

THE BOP'S USE OF REGS. SECTION 2402(c)(1)(E) STATING THE

MOTIVE FOR THE CRIME IS INEXPLICABLE OR TRIVIAL IN RELATION TO

THE OFFENSE IS UNSUPPORTED BY THE EVIDENCE, AND THE COMMISSIONER

HIMSELF PARTIALLY EXPLAINED THE MOTIVE IN HIS RECITATION FOR THE

DENIAL OF PAROLE. FURTHER, THE COMMISSIONER NEVER STATED WHICH

HE WAS RELYING ON TO SUPPORT HIS DECISION, THE TRIVIAL OR THE

28

INAPPLICABLE

13.

INEXPLICABLE PORTION OF THE SECTION, WHICH FURTHER BELIES THE
ARBITRARY NATURE OF THE DECISION.

THE BOP, IN IT'S DECISION, STATES PETITIONER HAS A PREVIOUS
RECORD OF VIOLENCE (REGS. SECTION 2402(c)(2).) THE BOP STATED
PETITIONER'S JUVENILE "RECORD" OF BRANDISHING A WEAPON IN A RUDE
AND THREATENING MANNER (A MISDEMEANOR) IS EVIDENCE OF "VIOLENT,
ASSAULTIVE BEHAVIOR." AGAIN, THIS INCIDENT DOES NOT MEET THE
CRITERIA FOR A PREVIOUS RECORD OF VIOLENCE, AS THE REGS. CLEARLY
STATES THAT TO QUALIFY FOR A "PREVIOUS RECORD OF VIOLENCE" THE
PRISONER MUST HAVE "INFLICTED OR ATTEMPTED TO INFLICT SERIOUS
INJURY ON A VICTIM." (REGS. SECTION 2402(c)(2).) THERE IS
ABSOLUTELY NO EVIDENCE PETITIONER INFLICTED, OR ATTEMPTED TO
INFLICT, SERIOUS INJURY ON ANYONE AT ANY TIME, OTHER THAN THE
COMITMENT SECOND DEGREE MURDER. BRANDISHING A WEAPON IN A RUDE
AND THREATENING MANNER IS NOT A PREVIOUS RECORD OF VIOLENCE,
THUS THIS FINDING LACKS EVIDENTIARY SUPPORT AND IS ARBITRARY.

THE BOP STATES PETITIONER HAS A HISTORY OF UNSTABLE AND
TUMULTUOUS RELATIONSHIPS WITH OTHERS, DUE TO ALCOHOL AND DRUG
ABUSE AT TIME OF THE CRIME, AND RELIES ON REGS. SECTION
2402(c)(3) AS A FURTHER POINT OF UNSUITABILITY. ALTHOUGH THERE
IS SOME EVIDENCE OF PETITIONER'S DRUG AND ALCOHOL ABUSE, THERE
IS NO EVIDENCE IT CONTRIBUTED TO "A HISTORY OF UNSTABLE OR
TUMULTUOUS RELATIONSHIPS." THE COURT IN IN RE DeLUNA, SUPRA, 126
C.A. 4TH AT 594-595 STATED THAT ALTHOUGH DeLUNA HAD AN ALCOHOL
PROBLEM AT TIME OF THE OFFENSE, AND COMMITTED CRIME WHILE DRUNK
"WE SEE NO EVIDENCE THAT DEFENDANT HAS AN 'UNSTABLE SOCIAL
HISTORY.'" THIS IS ANOTHER ARBITRARY FINDING WITHOUT EVIDENTIARY
SUPPORT.

14.

THE BOP STATED PETITIONER "FAILED PREVIOUS GRANTS OF PROBATION, CANNOT BE COUNTED UPON TO AVOID CRIMINALITY." THE EVIDENCE HERE FURTHER POINTS OUT THE ARBITRARY NATURE OF THE DECISION, AS 1) PETITIONER SUCCESSFULLY COMPLETED THE SIX (6) MONTHS INFORMAL PROBATION HE WAS PLACED ON, ON APRIL 20, 1981, AS A RESULT OF THE BRANDISHING INCIDENT; 2) PETITIONER HAD BEEN OFF HIS SUCCESSFULLY COMPLETED PROBATION FOR OVER THREE (3) YEARS PRIOR TO THE COMMITMENT OFFENSE; 3) THE PREDICTIVE VALUE TO DETERMINE PETITIONER POSES A THREAT TO SOCIETY BASED ON THIS TWENTY-TWO YEAR OLD ISSUE, (AT THE TIME OF THE HEARING), IS NIL, AND THE EVIDENCE DOES NOT SUPPORT THE BOARDS FINDING, WHICH WAS ARBITRARY.

UNDER INSTITUTIONAL BEHAVIOR THE BOARD FIRST STATES PETITIONER HAS NOT SUFFICIENTLY PARTICIPATED IN BENEFICIAL SELF-HELP AND THEREPY PROGRAMMING AT THIS TIME, AND THEN RECOMMENDED SELF-HELP PROGRAMMING TO HELP PETITIONER UNDERSTAND THE REASONS FOR HIS CRIME. THIS IS UNREALISTIC AND CONTRAINDICATED BY THE PSYCHIATRIC REPORT IN THIS CASE, WHICH STATES "THERE ARE NO PSYCHOLOGICAL FACTORS IN THIS CASE THAT WOULD INTERFERE WITH RELEASE PLANNING." THE REPORT FURTHER STATES PETITIONER IS "AN EXCELLENT CANDIDATE FOR PAROLE." (SEE EXHIBIT "C", PSYCHOLOGICAL EVALUATION.) IT IS EVIDENT FROM THE PSYCHIATRIST'S REPORT PETITIONER HAS A FULL GRASP OF THE CAUSATIVE FACTORS OF HIS CRIME AND POSES NO THREAT TO SOCIETY IF RELEASED. FOR THE BOP TO STATE OTHERWISE IS COMPLETELY CONTRARY TO THE EVIDENCE BEFORE IT AND RENDERS THE DECISION ARBITRARY.

THE BOP GOES ON TO STATE PETITIONER HAD INADEQUATE PAROLE PLANS AS AN ADDITIONAL REASON TO DENY PAROLE, WHICH IS ALSO NOT

SUPPORTED BY ANY EVIDENCE IN THE RECORD, AND, IN FACT, THE
OPPOSITE IS TRUE. REGS. SECTION 2402(d)(7) STATE, AS A REASON
FOR SUITABILITY:

UNDERSTANDING AND PLANS FOR THE FUTURE. THE PRISONER HAS
MADE REALISTIC PLANS FOR RELEASE OR HAS DEVELOPED MARKETABLE
SKILLS THAT CAN BE PUT TO USE UPON RELEASE. (EMPHASIS ADDED.)

NOT ONLY DOES PETITIONER HAVE "A COUPLE OF VOCATIONS UNDER
HIS BELT," AS STATED BY THE BOP, (WHICH IN ITSELF SATISFIES THE
REGULATION REQUIREMENTS FOR SUITABILITY), PETITIONER ALSO HAS A
PLACE TO STAY, FAMILY SUPPORT, JOB OFFERS FROM CA DEPARTMENT OF
EDUCATION, AND COMMUNITY COLLEGES, AS A CONTRACT BRAILLE
TRANSCRIBER - A HIGH DEMAND OCCUPATION NATIONWIDE, WITH FEW
EXPERIENCED AND TRAINED TO DO IT, - AND A LIST OF PLACES
PETITIONER COULD ATTEND AA AND NA, IF REQUIRED, UPON RELEASE.
PETITIONER'S PAROLE PLANS FAR EXCEED THE REGULATION REQUIREMENTS
AND THIS REASON FOR DENIAL BY THE BOP IS ARBITRARY, AND WITH THE
EVIDENCE SHOWING THE TOTAL OPPOSITE OF THE BOP'S CONCLUSION.
FURTHER, TO REQUIRE A PROSPECTIVE PAROLEE TO HAVE MORE IN THE
WAY OF PAROLE PLANS THAN THE REGULATION ASKS WOULD BE TO PLACE
AN UNREASONABLE HURDLE BEFORE INDIGENT PRISONER'S AND PRISONER'S
WHO HAVE NO FAMILY LEFT, THUS DENYING THEM PAROLE FOR A REASON
THAT DOES NOT RELATE TO THEIR THREAT TO SOCIETY.

AS THERE IS NO EVIDENCE TO SUPPORT THIS CONCLUSION, AND
PETITIONER'S PLANS EXCEED THE BOP'S OWN REGULATIONS, (SEE
EXHIBIT "B" AT PP. 39-45, AND EXHIBIT "D"), THE BOARDS DECISION
IS UNREASONABLE AND ARBITRARY ON THIS ISSUE. (SEE ROSENKRANTZ,
SUPRA, 29 C. 4TH AT 654.)

THE BOP RELIES ON "3042" NOTICES IN OPPOSITION TO PAROLE,

16.

SPECIFICALLY A LETTER FROM THE LAKE COUNTY SHERIFF DEPARTMENT, AND AN APPEARANCE FROM THE CHIEF DEPUTY DISTRICT ATTORNEY. THE SHERIFF OPPOSITION STATES IT IS OPPOSED TO PAROLE BASED ON THE CRIME ITSELF, BUT POINTS TO, NOR PRESENTS, ANY EVIDENCE TO SHOW PETITIONER IS A THREAT TO SOCIETY NOW.

THE DISTRICT ATTORNEY REPRESENTATIVE ALSO MENTIONS THE CRIME; HIS BELIEF PETITIONER IS "MINIMIZING" HIS ROLE IN THE CRIME; THAT PETITIONER WOULD BE "DANGEROUS" IF HE WERE UNEMPLOYED; AND STATED PETITIONER WAS NOT ACCEPTING RESPONSIBILITY FOR THE CRIME BECAUSE PETITIONER FILED A HABEAS PETITION STATING IN IT HE WAS INFORMED BY HIS ATTORNEY HE WOULD SERVE 8½ TO 9 YEARS AS A RESULT OF HIS GUILTY PLEA TO SECOND DEGREE MURDER. (SEE EXHIBIT "B" AT PP. 51-57.)

THE D.A.'S COMMENTS REGARDING PETITIONER'S "DANGEROUSNESS" IF RELEASED ARE UNREALISTIC AND UNSUPPORTED BY ANY EVIDENCE. STATING PETITIONER DOES NOT TAKE RESPONSIBILITY FOR HIS CRIME IS WITHOUT EVIDENCE. PETITIONER TURNED HIMSELF IN TO THE SHERIFF, PLED GUILTY TO THE CRIME, HAS ALWAYS ACCEPTED FULL RESPONSIBILITY FOR THE CRIME, AND HAS BEEN REMORSEFUL ABOUT THE DEATH OF MR. DARLING THROUGHOUT THIS ENTIRE ORDEAL. FURTHER, THE D.A. COMMITTED PERJURY BY TELLING THE BOP THAT PETITIONER WAS NEVER ADVISED BY HIS ATTORNEY AS TO SERVING 8½ TO 9 YEARS AS A RESULT OF THE PLEA. THESE ASSERTIONS ARE WITHOUT ANY EVIDENCE TO SUPPORT THEM, AND THE BOP RELIED ON THEM ARBITRARILY TO DENY PETITIONER PAROLE.

FINALLY, THE BOP RELIES ON THE "COUNSELOR'S" REPORT STATING AN "UNPREDICTABLE" DEGREE OF THREAT. THIS ASSERTION, BY AN UNTRAINED CASEWORKER, WHEN WEIGHED AGAINST A TRAINED PROFESSIONALS OPINION IS WITHOUT MERIT AND EVIDENTIARY SUPPORT.

FURTHER, BY STATING AN "UNPREDICTABLE" THREAT, THE CORRECTIONAL
CASEWORKER (INCORRECTLY REFERRED TO BY THE D.A. AS ANOTHER
"PSYCH"), DOES NOT STATE ANY DEGREE OF THREAT WHAT-SO-EVER, AND
THE BOP'S RELIANCE ON THIS REPORT TO SHOW PETITIONER IS A THREAT
TO SOCIETY IS FLAWED. "UNPREDICTABLE" MEANS NOT ABLE TO MAKE A
PREDICTION, AND IS THEREFORE NOT EVIDENCE OF FUTURE
DANGEROUSNESS. BY FAILING TO PROPERLY WEIGH AND EVALUATE THIS
AGAINST THE TRAINED PSYCHIATRIST'S REPORT SHOWS THE VERY
ARBITRARY NATURE OF THE DECISION.

PETITIONER HAS BEEN DENIED HIS PROTECTED LIBERTY INTEREST
IN PAROLE UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT OF
THE UNITED STATES CONSTITUTION. (SEE McQUILLION v. DUNCAN, 306
F.3D 895, 900-902 (9TH CIR. 2002) CITING GREENHOLTZ v. INMATES OF
NEBRASKA PENAL, 442 U.S. 1, 7 (1979) AND BOARD OF PARDONS v.
ALLEN, 482 U.S. 369, 373 (1987)) DUE PROCESS REQUIRES THAT "SOME
EVIDENCE" SUPPORT THE PAROLE BOARD'S DETERMINATION, AND THAT THE
EVIDENCE MUST HAVE "SOME INDICIA OF RELIABILITY." BIGGS v TERHUNE
334 F.3D 910, 915; McQUILLION v. DUNCAN, 306 F.36 895, 904;
JANCSEK v. OREGON BD. OF PAROLE, 833 F.2D 1389, 1390 (ADOPTING
THE "SOME EVIDENCE" STANDARD SET FORTH BY THE SUPREME COURT IN
SUPERINTENDENT v. HILL, 472 U.S. 445, 457. THE BOP IN THIS CASE
HAS FAILED TO PRESENT ANY "RELIABLE EVIDENCE" TO SUPPORT IT'S
DETERMINATIONS.

THE BOARD'S "ELEVATION OF THE CRIME,
AND PUNISHMENT OF THE CRIME,
TO THAT OF A FIRST-DEGREE MURDER IS A
VIOLATION OF THE PLEA-BARGAIN, AND RENDERS
PETITIONER'S PLEA AS NOT KNOWINGLY AND
INTELLIGENTLY MADE.

THE BOP, BY CHARACTERIZING PETITIONER'S CRIME AS
"CALCULATED" AND "DISPASSIONATE" ARE, IN ESSENCE, "ELEVATING"
PETITIONER'S CONVICTION TO FIRST-DEGREE MURDER, RATHER THAN THE
SECOND-DEGREE MURDER PETITIONER PLED GUILTY TO.

THE BOP'S OWN REGULATIONS, IN USING THE PHRASE "COMMITTED
THE OFFENSE IN AN ESPECIALLY HEINOUS, ATROCIOUS, OR CRUEL
MANNER", (SEE REGS. SECTION 2402(c)(1)), ELEVATES THE CRIME TO
THAT OF A "SPECIAL CIRCUMSTANCE" FIRST-DEGREE MURDER, BY IT'S
USAGE, AND INCREASING THE PENALTY TO LIFE-WITHOUT-PAROLE. THIS
IS THE SECTION THE BOP REPEATEDLY USES TO DENY PETITIONER
PAROLE, AND THE LENGTH OF TIME SERVED BY PETITIONER, WITH THE
BOP CONTINUING TO CHARACTERIZE PETITIONER'S CRIME UNDER THIS
SECTION ATTESTS TO THE BOP "ELEVATING" PETITIONER'S OFFENSE TO
THAT OF FIRST-DEGREE MURDER, AND PUNISHING PETITIONER AS SUCH.

PETITIONER POINTS OUT PENAL CODE SECTION 190.2(a)(14),
WHICH ALLOWS FOR THE PUNISHMENT OF DEATH OR LIFE IMPRISONMENT
WITHOUT THE POSSIBILITY OF PAROLE:

> "THE MURDER WAS ESPECIALLY HEINOUS, ATROCIOUS, OR CRUEL,
> MANIFESTING EXCEPTIONAL DEPRAVITY. AS USED IN THIS SECTION,
> THE PHRASE "ESPECIALLY HEINOUS, ATROCIOUS, OR CRUEL,
> MANIFESTING EXCEPTIONAL DEPRAVITY" MEANS A CONCIENCELESS OR
> PITILESS CRIME THAT IS UNNECESSARILY TORTUROUS TO THE
> VICTIM."

IT IS CLEAR FROM READING THIS SECTION THAT FOR A CRIME TO
FIT THE MEANING CONTAINED IN REGS. SECTION 2402(c)(1), IT MUST

19.

BE ONE OF THE MOST HEINOUS OF FIRST-DEGREE MURDERS, BY DEFINITION.

IT IS ALSO CLEAR, BY READING THAT SECTION, THAT THE BOP HAS ARBITRARILY, AND IN VIOLATION OF THE PLEA-BARGAIN, CHARACTERIZED AND PUNISHED PETITIONER'S CRIME AS A FIRST-DEGREE "SPECIAL CIRCUMSTANCE" MURDER, AND, IN EFFECT, FIXED PETITIONER'S "SENTENCE" AT LIFE WITHOUT THE POSSIBILITY OF PAROLE.

BECAUSE PETITIONER WAS NEVER ADVISED BY COURT OR COUNSEL THAT HE WOULD BE SUBJECTED TO WHAT AMOUNTS TO A RETRIAL OF THE FACTS AND RESENTENCING BY THE BOP TO A DEGREE OF CRIME HIGHER THAN THAT BARGAINED FOR, RENDERS PETITIONER'S PLEA AS NOT KNOWINGLY AND INTELLIGENTLY MADE, AND IS VOID. (SEE BOYKIN v. ALABAMA 395 U.S. 238).

PENAL CODE SECTION 1192.1 STATES THE CRIME TO WHICH PETITIONER PLED IS THE ONLY CRIME TO WHICH HE MAY BE PUNISHED. TO CHARACTERIZE THE CRIME AS FIRST-DEGREE MURDER AND PUNISH AS SUCH VIOLATES AND THWARTS THE INTENT OF PENAL CODE SECTION 1192.1, AND MAKES A MOCKERY OF THE ENTIRE PLEA-BARGAIN PROCESS, WHERE PETITIONER PLEADS GUILTY, AND BOTH PROSECUTOR AND DEFENDANT BENEFIT.

TO ALLOW THE CONDUCT THAT IS OCCURING BY THE BOARD IS CONTRARY TO THE APPROVED PLEA-BARGAIN PROCESS, AND A VIOLATION OF EACH AND EVERY RIGHT THE PETITIONER WAIVED AT TIME OF HIS PLEA. IT PAYS ONLY LIP-SERVICE TO THE BARGAIN, SAYING IT IS IN NAME ONLY, AND NOT IN ACTION, GIVING THE PROSECUTOR THE BENEFIT OF A CONVICTION TO A HIGHER OFFENSE, AND PETITIONER A LIE AND A SHAM.

IN PEOPLE V. ORIN 13 C. 3D 942, 943 THE PLEA-BARGAIN

20.

PROCESS IS EXPLAINED:

> THE PROCESS OF PLEA BARGAINING WHICH HAS RECEIVED STATUTORY
> AND JUDICIAL AUTHORIZATION AS AN APPROPRIATE METHOD OF
> DISPOSING OF CRIMINAL PROSECUTIONS CONTEMPLATES AN
> AGREEMENT NEGOTIATED BY THE PEOPLE AND THE DEFENDANT AND
> APPROVED BY THE COURT. (§§ 1192.1, 1192.2, 1192.4, 1192.5;
> PEOPLE v. WEST (1970) 3 C.3D 595, 604-608, 91 C.RPTR. 385,
> 477 P.2D 409.) PURSUANT TO THIS PROCEDURE THE DEFENDANT
> AGREES TO PLEAD GUILTY IN ORDER TO OBTAIN A RECIPROCAL
> BENEFIT, GENERALLY CONSISTING OF A LESS SEVERE PUNISHMENT
> THAN THAT WHICH COULD RESULT IF HE WERE CONVICTED OF ALL
> OFFENSES CHARGED.

IN SANTOBELLO v. NEW YORK 404 U.S. 257, AT PP. 263-264, THE

U.S. SUPREME COURT EXPLAINS THE PROCESS IN GREATER DETAIL,

POINTING OUT THE MONEY AND RESOURCES THE PEOPLE SAVE AND THE

RIGHTS THE DEFENDANT GIVES UP AS A RESULT. PETITIONER'S

UNDERSTANDING AT THE TIME OF ACCEPTING THE BARGAIN WAS THAT HE

WOULD BE PUNISHED FOR 2ND DEGREE MURDER, NOT MERELY "CONSIDERED"

FOR PAROLE SOONER, BUT RELEASED SOONER.

FOR THE STATE TO PUNISH PETITIONER FOR A CRIME DEGREE

HIGHER THAN THAT TO WHICH WAS BARGAINED FOR IS "CONTRARY TO

FAMILIAR CONSIDERATIONS OF FAIR NOTICE, REASONABLE RELIANCE, AND

SETTLED EXPECTATIONS" AND DEPRIVES PETITIONER THE BENEFIT OF THE

BARGAIN. INS v. St.CYR (2001) ____ U.S. ____, 150 L.ED.2D 347,

377-378. "PLEA AGREEMENTS ARE CONTRACTUAL BY NATURE AND ARE

MEASURED BY CONTRACTUAL LAW STANDARDS." UNITED STATES v. De La

FUENTE (9TH CIR. 1993) 8 F.3D 1333, 1337. "THE TERMS OF ORAL

PLEA AGREEMENTS ARE ENFORCEABLE, AS ARE THOSE OF ANY OTHER

CONTRACTS, EVEN THOUGH ORAL PLEA AGREEMENTS ARE NOT ENCOURAGED

BY REVIEWING COURTS." SEE, e.g, UNITED STATES v. MONREAL (9TH

CIR. 2002) 301 F.3D 1127, 1133. IN SANTOBELLO, 404 U.S. 257, AT

262 THE COURT STATED, "[W]HEN A PLEA RESTS IN ANY SIGNIFICANT

DEGREE ON A PROMISE OR AGREEMENT OF THE PROSECUTOR, SO THAT IT

CAN BE SAID TO BE A PART OF THE INDUCEMENT OR CONSIDERATION, SUCH PROMISE MUST BE FULFILLED." SEE ALSO UNITED STATES v. HALLAM (9TH CIR. 1973) 472 F.2D 168,169 "IT IS CLEAR FROM SANTOBELLO . . . THAT DUE RESPECT FOR THE INTEGRITY OF PLEA BARGAINS DEMANDS THAT ONCE A DEFENDANT HAS CARRIED OUT HIS PART OF THE BARGAIN THE GOVERNMENT MUST FULFILL ITS PART." ". . . AMBIGUITIES ARE CONSTRUED IN FAVOR OF DEFENDANT . . . FOCUSING ON THE DEFENDANT'S REASONABLE UNDERSTANDING ALSO REFLECTS THE PROPER CONSTITUTIONAL FOCUS ON WHAT INDUCED THE DEFENDANT TO PLEAD GUILTY." De La FUENTE, SUPRA, 8F.3D AT 1337 n.7 (CITING MABRY v. JOHNSON (1984) 467 U.S. 504, 507-511.

IT IS ABUNDANTLY CLEAR FROM THE BOP'S ACTIONS THAT THE PETITIONER IS BEING PUNISHED FOR 1ST DEGREE MURDER, AND NOT THE AGREED UPON BARGAIN OF 2ND DEGREE MURDER, IN CLEAR VIOLATION OF THE BARGAIN. PETITIONER DEMANDS TO BE AFFORDED HIS RIGHT UNDER SANTOBELLO TO SPECIFIC PERFORMANCE AND IMMEDIATE RELEASE, OR THE WITHDRAWAL OF HIS PLEA OF GUILTY.

CONCLUSION

AS THERE IS NO EVIDENCE TO SUPPORT THE BOARD'S FINDINGS, AND IT IS CLEARLY EVIDENT THE DECISION WAS ARBITRARY, AND A VIOLATION OF DUE PROCESS, PETITIONER REQUESTS THIS COURT TO ISSUE THE WRIT OF HABEAS CORPUS.

THE WRIT SHOULD FURTHER ISSUE FOR THE VIOLATION OF THE PLEA-BARGAIN.

WHEREFORE, PETITIONER RESPECTFULLY REQUESTS THIS HONORABLE COURT TO:

1) ISSUE AN ORDER TO SHOW CAUSE DIRECTED AT RESPONDENT(S) TO SHOW WHY A WRIT SHOULD OR SHOULD NOT ISSUE;

2) GRANT PETITIONER THE APPOINTMENT OF COUNSEL TO ASSIST WITH THESE COMPLEX CONSTITUTIONAL ISSUES;

3) GRANT PETITIONER REASONABLE TIME TO TRAVERSE RESPONDENT'S RETURN TO ORDER TO SHAOW CAUSE;

4) GRANT THE PETITION FOR A WRIT OF HABEAS CORPUS;

5) ORDER THE BOP TO CEASE USING THE CRIME AND PREVIOUS JUVENILE ADJUDICATION AS FACTORS TO DENY PAROLE;

6) ORDER THE BOARD TO RELEASE PETITIONER IMMEDIATELY ON PAROLE; OR

7) ALLOW PETITIONER TO WITHDRAW HIS PLEA OF GUILTY AND PROCEED ANEW; AND

8) GRANT WHATEVER RELIEF MAY BE REQUIRED AND IN THE INTERESTS OF JUSTICE.

RESPECTFULLY SUBMITTED,

DATED:  APRIL   17, 2006 AT BLYTHE CALIFORNIA.

COPY

RECEIVED

APR 2 7 2006

CLERK SUPREME COURT

VINCENT SMITH   C-99842
CHUCKAWALLA VALLEY STATE PRISON
P.O. BOX 2349   A1-240-UP
BLYTHE, CALIFORNIA   92226
IN PROPRIA PERSONA

IN THE SUPREME COURT

IN AND FOR THE STATE OF CALIFORNIA

| | |
|---|---|
| VINCENT SMITH,                         )<br>                    PETITIONER,  )<br>                                                 )<br>VS.                                               )<br>                                                 )<br>J. SALAZAR, WARDEN (A),         )<br>                    RESPONDENT.  ) | CASE NO. _51427 83_<br><br>SUPPLEMENTAL POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>PETITION FOR WRIT OF HABEAS<br>CORPUS. |

PETITIONER, VINCENT SMITH, RESPECTFULLY REQUESTS THIS

HONORABLE COURT TO ACCEPT AND CONSIDER THESE ADDITIONAL POINTS

AND AUTHORITIES IN SUPPORT OF HIS PETITION FOR A WRIT OF HABEAS

CORPUS IN THE ABOVE ENTITLED ACTION.

THE POINTS AND AUTHORITIES ARE AS FOLLOWS:

PETITIONER CONTENDS THE LANGUAGE CONTAINED IN THE CALIFORNIA

CODE OF REGULATIONS, TITLE 15, SECTIONS 2402(c)(1)(A) THROUGH (E)

IS UNCONSTITIONALLY VAGUE. (see MEMORANDUM OF POINTS AND

AUTHORITIES IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS,

PAGES 10 AND 11.) PETITIONER FURTHER CONTENDS HIS PLEA BARGAIN

WAS BREACHED BY THE STATE BY THE USE OF SECTION 2402(c)(1). (see

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR

WRIT OF HABEAS CORPUS AT PAGES 19-22.)

PETITIONER CONTENDS, BY WAY OF THIS SUPPLEMENTAL POINTS AND

AUTHORITIES, THAT HIS RIGHTS OF DUE PROCESS, EQUAL PROTECTION OF

THE LAW, AND FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENTS HAVE BEEN

VIOLATED BY THE CONTINUED USE OF A REGULATION THAT IS ARBITRARILY

APPLIED, AND IS USED TO PUNISH ONE CLASS OF CONVICTED FELON AND

NOT ANOTHER, IN A DISCRIMINITORY FASHION.

1.

IN PEOPLE v. SUPERIOR COURT (ENGERT) 31 CAL. 3D 797, 801-803

THIS COURT FOUND IDENTICAL LANGUAGE AS THAT USED IN THE TITLE 15

TO BE UNCONSTITUTIONAL:

> THE FUNDAMENTAL POLICY BEHIND THE CONSTITUTIONAL PROHIBITION
> OF VAGUELY WORDED CRIMINAL STATUTES WAS STATED IN LANZETTA
> V. NEW JERSEY (1939) 306 U.S. 451 AT PAGE 453 [83 L.ED. 888
> AT P. 890, 59 S.CT. 618]: "NO ONE MAY BE REQUIRED AT PERIL
> OF LIFE, LIBERTY OR PROPERTY TO SPECULATE AS TO THE MEANING
> OF PENAL STATUTES. ALL ARE ENTITLED TO BE INFORMED AS TO WHAT
> THE STATE COMMANDS OR FORBIDS"
>> IT IS DIFFICULT TO ASSIGN ANY SPECIFIC CONTENT TO THE
>> PERJORATIVES CONTAINED IN SUBDIVISION (a)(14). WEBSTER'S NEW
>> INTERNATIONAL DICTIONARY (SECOND EDITION) DEFINES HEINOUS AS
>> "[h]ateful; hatefully bad; flagrant; odious;atrocious;
>> giving great offense." ATROCIOUS IS DEFINED AS "[s]avagely
>> brutal; outrageously cruel or wicked . . . ." CRUEL IS
>> DEFINED AS "[d]isposed to give pain to others; willing or
>> pleased to hurt or afflict; savage, inhuman, merciless." . .
>> . . THE TERMS ADDRESS THE EMOTIONS AND SUBJECTIVE,
>> IDIOSYNCRATIC VALUES. WHILE THEY STIMULATE FEELINGS OF
>> REPUGNANCE THEY HAVE NO DIRECTIVE CONTENT. THE ADVERB
>> "ESPECIALLY" ADDS NOTHING EXCEPT GREATER UNCERTAINTY. THE
>> TERM "ESPECIAL" IS DEFINED BY WEBSTER'S AS "[n]ot general;
>> distinguished among others of the same class as exceptional
>> in degree." (THE COURT WENT ON TO STATE THE TERMS DO NOT
>> MEET "THE STANDARDS OF PRECISION AND CERTAINTY REQUIRED OF
>> STATUTES WHICH RENDERS PERSONS ELIGIBLE FOR PUNISHMENT.")
>> (SEE ALSO MAYNARD v. CARTWRIGHT 486 U.S. 356, 359 IN WHICH
>> THE UNITED STATES SUPREME COURT FOUND UNCONSTITUTIONALLY
>> VAGUE THE TERMS "ESPECIALLY HEINOUS, ATROCIOUS OR CRUEL.")

> THE UNITED STATES SUPREME COURT IN FURMAN v. GEORGIA (9172)
> 408 U.S. 238, AT PP. 247-248 STATED: "ANY PENALTY, A FINE,
> IMPRISONMENT OR THE DEATH PENALTY COULD BE UNFAIRLY OR
> UNJUSTLY APPLIED. THE VICE IN THIS CASE IS NOT THE PENALTY
> BUT IN THE PROCESS BY WHICH IT IS INFLICTED. IT IS UNFAIR TO
> INFLICT UNEQUAL PENALTIES ON EQUALLY GUILTY PARTIES, OR ANY
> INNOCENT PARTIES, REGARDLESS OF WHAT THE PENALTY IS."

THE COURT, IN FURMAN, SUPRA, 408 U.S. AT 249 WENT ON TO

STATE:

> THERE IS INCREASING RECOGNITION OF THE FACT THAT THE BASIC
> THEME OF EQUAL PROTECTION IS IMPLICIT IN "CRUEL AND UNUSUAL"
> PUNISHMENTS. "A PENALTY . . . SHOULD BE CONSIDERED
> 'UNUSUALLY' IMPOSED IF IT IS ADMINISTERED ARBITRARILY OR
> DISCRIMINITORILY." (CITING GOLDBERG & DERSHOWITZ, DECLARING THE
> DEATH PENALTY UNCONSTITUTIONAL, 83 HARV L REV 1773, 1790)

IT IS PETITIONER'S CONTENTION THAT THE REGULATION USED TO

DENY PAROLE IS UNCONSTITUTIONALLY VAGUE AND VIOLATIVE OF DUE
PROCESS, EQUAL PROTECTION, AND CRUEL AND UNUSUAL BECAUSE IT IS
DISCRIMINITORY IN NATURE, AS IT IS ONLY APPLIED TO LIFE TERM
INMATES WHO APPEAR BEFORE THE BOARD OF PAROLE HEARINGS AND USED
TO EXTEND THEIR INCARCERATION WITHOUT BENEFIT OF A TRIAL AND ALL
IT'S SAFEGUARDS.

IT IS USED TO DENY PAROLE BASED SOLELY ON THE CRIME, <u>ABSENT</u>
<u>ANY SHOWING OF VIOLENCE ON PART OF THE PETITIONER SINCE THE</u>
<u>COMMITMENT OFFENSE</u>, AND DENIES PETITIONER THE FUNDAMENTAL RIGHT
TO ENFORCEMENT OF HIS NEGOTIATED PLEA.

PETITIONER REQUESTS THIS HONORABLE COURT TO ENFORCE HIS PLEA
BARGAIN AND ORDER IMMEDIATE RELEASE, OR ALLOW WITHDRAWL OF THE
PLEA.

FURTHER, PETITIONER URGES THIS COURT TO THROW OUT AS
UNCONSTITUTIONAL THOSE SECTIONS OF THE TITLE 15 THAT ARE VAGUE
AND ARBITRARY, NOT TO MENTION DISCRIMINITORY.

RESPECTFULLY SUBMITTED,

VINCENT SMITH

DATED APRIL 24, 2006 AT BLYTHE, CALIFORNIA.